HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CITIMORTGAGE, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>ESTATE OF ROBERT L. GEDDES, et al.,<br><br>    Defendants. | CASE NO. C15-5293RBL<br><br>ORDER ON CROSS MOTIONS FOR JUDGMENT ON PLEADINGS<br><br>[Dkt. #s 17 & 24] |

THIS MATTER is before the Court on Cross Motions for Judgment on the Pleadings [Dkt. #s 17 and 24]

CitiMortgage loaned money to Defendants Robert and Shirley Geddes, secured by their interest in real property. But the borrowers did not own the property in fee simple—they had only a life estate, and the remainder was owned by the borrowers' son and daughter-in-law, Defendants Robert and Brandis Geddes. Robert and Brandis were not parties to the loan, and did not sign the note or pledge their interest in the property as security for the loan's repayment. CitiMortgage now seeks to reform its loan documents to include the son and daughter-in-law's interest in the property, so that in the event of a default it can foreclose. It asserts equitable claims for equitable lien, constructive trust, equitable subrogation, and mutual mistake.

The parties apparently agree that the facts are undisputed, and each seeks judgment on the pleadings.

## STATEMENT OF FACTS

Defendants Robert and Brandis Geddes, husband and wife, are the son and daughter-in-law of Defendants Robert and Shirley Geddes. In January 2005, Robert and Brandis, as Grantors, established a life estate in favor of Robert and Shirley Geddes, retaining the remainder interest in a Graham, Washington property. In April 2007, Robert and Shirley Geddes borrowed $360,000 from Primary Residential Mortgage Inc. Robert and Shirley, and Robert and Brandis, all executed a Deed of Trust to secure repayment of the loan; the parents pledged their life estate and the children pledged their remainder interest. In January 2011, the parents borrowed $303,700 from CitiMortgage to pay off the 2007 loan. Robert and Shirley secured the loan by executing a Deed of Trust on the Graham property, but they did not own that property in fee simple. Robert and Brandis were not asked to pledge their remainder interest in the property, and they did not do so. CitiMortgage's First Amended Complaint does not allege that Robert and Brandis knew of the loan, or consented to the terms of the loan or the replacement Deed of Trust.

On March 14, 2012, the senior Robert Geddes quit-claimed to Shirley, all his right, title and interest in real property. The Interspousal Transfer of Assets reflecting that transaction was recorded in Pierce County on April 6, 2012. Thereafter, Robert Geddes died. Shirley Geddes is no longer living on the subject property because she is not physically capable of residing there.

Sometime before May 2015, CitiMortgage realized the legal significance Robert and Shirley Geddes' limited interest in the property, and the effect of that interest on its ability to enforce its security interest. In May, CitiMortgage sued both sets of Geddeses, seeking to quiet

title to a fee simple interest in the property in its favor under the 2011 Deed of Trust, or an equitable lien against the children's fee simple interest.

CitiMortgage also seeks a constructive trust for its benefit, or a determination that the 2011 Deed of Trust is a first priority lien enforceable against Robert and Brandis's interest under the doctrine of equitable subrogation. Finally, CitiMortgage seeks an order reforming the 2011 Deed of Trust because of a mutual mistake.

Because Robert and Brandis Geddes did not participate in, consent to, or sign the documents memorializing the transaction that is the subject of this lawsuit, their motion for judgment on the pleadings is **GRANTED,** CitiMortgage's motions is **DENIED,** and the action is **DISMISSED** against Robert and Brandis Geddes and their interest in the property.

## DISCUSSION

**A. Rule 12(c) Motion on the Pleadings.**

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to

raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

Although *Iqbal* establishes the standard for deciding a Rule 12(b)(6) motion, Rule 12(c) is "functionally identical" to Rule 12(b)(6) and that "the same standard of review" applies to motions brought under either rule. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc*., 647 F.3d 1047 (9th Cir. 2011), *citing Dworkin v. Hustler Magazine Inc*., 867 F.2d 1188, 1192 (9th Cir.1989); *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (applying *Iqbal* to a Rule 12(c) motion).

**B. Equitable Lien.**

A right to an equitable lien arises when:

> [a] party at the request of another advances him money to be applied and which is applied to the discharge of a legal obligation of that other, but when, owing to the disability of the person to whom the money is advanced, no valid contract is made for its repayment.

*Sorenson v. Pyeatt*, 158 Wn.2d 523, 533, 146 P.3d 1172 (2006) (quoting *Falconer v. Stevenson,* 184 Wash. 438, 442, 51 P.2d 618 (1935)) (brackets added).

CitiMortgage's First Amended Complaint contains no allegation that anything was advanced under any false pretenses, that it intended to receive more than an interest in a life estate, or that the person alleged to be liable to repay the loan cannot repay it. The barebones claim for an "equitable lien" is not enough.

CitiMortgage does not allege that Robert and Brandis Geddes borrowed money from it or anyone else. There is no allegation of a disability that precludes CititMortgage from seeking repayment from its borrowers, Shirley Geddes or the Estate of Robert L. Geddes. CitiMortgage alleges only that Robert and Shirley Geddes pledged their life estate as collateral.

CitiMortgage also claims that, due to a mutual mistake, Robert and Brandis Geddes were not asked to sign the 2011 deed of trust. These allegations are not nearly enough to create a plausible inference of anything. The First Amended Complaint does not plead the elements of an equitable lien and is far from pleading *facts*, which if true, would entitle plaintiff to an equitable lien. This claim is **DISMISSED**.

**C. Constructive Trust.**

CitiMortgage next alleges Robert and Brandis Geddes were unjustly enriched. It claims a constructive trust over their reversion, but does not allege any "enrichment" or any circumstance that could show it was unjust.

"Unjust enrichment is the method of recovery for the value of the benefit retained absent any contractual relationship because notions of fairness and justice require it." *Young v. Young*, 164 Wn.2d 477, 484,191 P.3d 1258 (2008). Unjust enrichment requires three elements be proved: (1) one party must have conferred a benefit to the other; (2) the party receiving the benefit must have knowledge of that benefit; and (3) the party receiving the benefit must accept or retain the benefit under circumstances that make it inequitable for the receiving party to retain the benefit without paying its value. *Cox v. O'Brien,* 150 Wn. App. 24, 36, 206 P.3d 682, *rev. denied,* 167 Wn.2d 1006 (2009). "Enrichment alone will not suffice to invoke the remedial powers of a court of equity. It is critical that the enrichment be unjust both under the circumstances and as between the two parties to the transaction." *Farwest Steel Corp. v. Mainline Metal Works. Inc.*, 48 Wn. App. 719, 732, 741 P.2d 58 (1987). The mere fact that a defendant has received a benefit from the plaintiff is insufficient. The doctrine of unjust enrichment applies only if the circumstances of the benefits received or retained make it unjust for the defendant to keep the benefit without paying. *Chandler v. Wash. Toll Bridge Auth.*, 17 Wn.2d 591, 601, 137 P.2d 97 (1943).

The First Amended Complaint fails to allege facts to support an unjust enrichment claim. First, it does not allege a contractual or quasi-contractual relationship between CitiMrotgage and Robert and Brandis Geddes. There is no allegation that Robert and Brandis agreed to pledge an interest to it, or acquiesced or encouraged the alleged refinance, mislead CitiMortgage or contributed in any way to CitiMortgage's loss[1]. *See, e.g., Farwest*, 48 Wn. App. at 732 ("where a third person benefits from a contract entered into between two other persons, in the absence of some misleading act by the third person, the mere failure of performance by one of the contracting parties does not give rise to a right of restitution against the third person.")

Second, the First Amended Complaint does not allege damage, or that Plaintiff suffered damage or the alleged 2011 loan is in default.

Finally, there are no factual allegations regarding what was unjust. As pled, CitiMortgage loaned money and received a life interest as collateral. Again, there is nothing inherently unjust in that. CitiMortgage's allegations have not surpassed the realm of mere possibility, to plausibility. Its unjust enrichment claim must therefore be **DISMISSED**.

As part of its unjust enrichment claim, Plaintiff also alleges entitlement to a constructive trust over Robert and Brandis Geddes's reversion. "A constructive trust arises where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." *Wright v. Dave Johnson Ins. Inc.*, 167 Wn. App. 758, 773, 275 P.3d 339, 349 (2012). Because the unjust enrichment claim is fatally flawed, constructive trust claim, necessarily is based on it, is similarly **DISMISSED**.

**D. Equitable Subrogation.**

The doctrine of equitable subrogation is similar to the equitable lien doctrine. A Washington court has applied this doctrine between creditors, where one creditor repays a senior obligation under

---

[1] Notably, CitiMortgage does not actually allege that it has suffered any loss.

a false pretense and then seeks to assume the position of the creditor whom it paid. *Bank of Am., N.A. v. Prestance Corp.*, 160 Wn.2d 560, 570 – 71, 160 P.3d 17 (2007). A lender claiming equitable subrogation must plead facts showing it expected to receive a first priority and no junior lender will be materially prejudiced. *Id.* at 567, n. 6. It is designed to "avoid a person's receiving an unearned windfall at the expense of another." *Id.* at p. 567.

This case is not similar to *Prestance* – which involved competing creditors. In that case, Wells Fargo Bank extended credit to its borrowers to repay a first position Washington Mutual loan, under the pretense that the second-positioned Bank of America would subordinate itself to the new loan. *Id.* at 562 – 63. The Washington Court of Appeals held that Wells Fargo Bank's knowledge of Bank of America's loan did not preclude its claim to equitable subrogation under the facts of that case. *Id.* at 562.

Here, CitiMortgage does not allege a conflict between creditors. The First Amended Complaint does not allege Robert and Brandis Geddes were creditors. Rather, it alleges they own a reversion in their parents' life estate. In contrast to *Prestance*, the borrower here lacked authority to pledge the property that CitiMortgage now claims.

This case is similar to *Sorenson v. Pyeatt,* where a third-party held an interest in the property, and the lender claimed that interest, even though the interest was not validly pledged. The First Amended Complaint, which attaches the 2011 deed of trust, is very clear: it states the elder Robert and Shirley Geddes borrowed money secured by their interest in real property. That interest was a life estate. *See, e.g.,* First Amended Complaint, Dkt. #7 at p. 3 (¶¶ 7 – 8). Without any other facts alleged, the First Amended Complaint alleges CitiMortgage's entitlement to a security interest in the property's fee simple interest, without any supporting facts capable of proving entitlement. CitiMortgage does not allege that Robert and Brandis were borrowers, received money, induced the loan, or acquiesced in it, or that Robert and Shirley did not repay the loan, that it is in default, or that CitiMortgage tried first to recover any loss from its borrowers. CitiMortgage is not entitled to

1 equitable relief at the expense of Robert and Brandis's interest, where it may have legal relief
2 against Shirley, or Robert Geddes's estate. As *Sorenson,* the lenders should not be permitted to
3 pursue equitable relief without first having pursued their borrower.

4       CitiMortage also does not allege it expected to receive a first position security interest in the
5 property on the fee simple interest, rather than the life estate interest, a requirement under *Prestance*.
6 *See, e.g., id.* at 567, n. 6. If anything, the 2011 deed of trust makes the case that both borrowers and
7 CitiMortgage intended only a life estate as collateral. Robert and Shirley Geddes were the borrowers
8 under the 2011 deed of trust, Robert and Brandis Geddes were not. It also demonstrates that Robert
9 and Shirley pledged their interest in property "free and clear of encumbrances except those of
10 record." First Amended Complaint, Dkt. #7 at pp. 13 – 14. There is no allegation that the reversion
11 was an "encumbrance" or that it was not of record.

12       CitiMortgage is not entitled to equitable subrogation.  It is not a creditor to Robert and
13 Brandis Geddes, and it has not alleged facts to support any type of equity claim.  This claim is
**DISMISSED**.

**E.  Reformation/Mutual Mistake.**

CitiMortgage seeks equitable reformation of the contract to correct a "mutual mistake;" that
"Robert and Brandis were not listed as signatory parties on the 2011 Deed of Trust and did not sign
the Deed of Trust." *Id.* at p. 7, ¶ 29.

To satisfy the pleading requirements for a reformation claim, a plaintiff must plausibly allege
that:

    (1) both parties to the instrument had an identical intention as to the terms to be
        embodies in a proposed written document,
    (2)  that the writing which was executed is materially at variance with that identical
        intention, and
    (3) that innocent third parties will not be unfairly affected by reformation of the
        writing to express that identical intention.

*Leonard v. Washington Emp., Inc.*, 77 Wn.2d 271, 279, 461 P.2d 538, 543 (1969); *see also, SPEEA,* 139 Wn.2d 824, 832 – 33, 991 P.2d 1126 (2000) ("Reformation is justified only if the parties' intentions were identical at the time of the transaction.").

The First Amended Complaint does not allege any facts as to CitiMortgage's intention regarding the 2011 deed of trust; nor does it allege Robert and Shirley Geddes's intention. It is equally as likely that CitiMortgage and Robert and Shirley *did not* intend Robert and Brandis to be signatories. There is also no plausible allegation that Robert and Brandis intended to agree to any of this, or that they even knew about it. Robert and Brandis's Motion for Judgment on the Pleadings on the reformation/mutual mistake claim is **GRANTED**, CitiMortgage's motion is **DENIED**, and this claim against Robert and Brandis Geddes is **DISMISSED**.

**F.  Available Legal Remedies.**

"It is a basic doctrine of equity jurisprudence that courts of equity should not act ... when the moving party has an adequate remedy at law...." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381, 112 S. Ct. 2031, 119 L. Ed. 2d 157 (1992). *See also, Sorenson v. Pyeatt,* 158 Wn.2d at 531 ("A court will grant equitable relief only when there is a showing that a party is entitled to a remedy and the remedy at law is inadequate."); s*ee also, O'Neal v. Southwest Mo. Bank,* 118 F,3d 1246, 1253 (8th Cir. 1997) (holding that bankruptcy court correctly declined to impose a constructive trust or an equitable lien on debtor's bank where the plaintiff had an adequate legal remedy for money damages against the debtor).

The First Amended Complaint assumes entitlement to equitable remedies against third-parties, but does not allege that CitiMortgage lacks an adequate remedy against its borrowers, Robert L. Geddes (or his estate) or Shirley Geddes. In *Sorenson*, the Washington Supreme Court specifically denied lenders equity because, while the security instrument at issue was ineffective, the lender was under no "disability" to pursue the borrower. 158 Wn.2d at 536 – 37.  Having failed to pursue the borrower, lenders were precluded from an equitable remedy against the property owner.

1    The First Amended Complaint does not allege that CitiMortgage is precluded from pursuing
2 legal remedies against Shirley Geddes or her late husband's estate. Accordingly, none of
3 CitiMortgage's equitable claims are plausible.

4    Moreover, the Deed of Trust attached to the First Amended Complaint reflects that Chicago
5 Title Company requested the document to be recorded and that a copy of the recorded document to
6 be returned to it.  The plausible inference is that CitiMortgage purchased title insurance to cover any
7 (unilateral) mistakes it made in the security interest documents.  A legal remedy available defeats an
8 equitable remedy.

9    Defendants' Motion for Judgment on the Pleadings [Dkt. #17] is **GRANTED**, and
10 CitiMortgage's Motion for Partial Judgment on the Pleadings [Dkt. #24] is **DENIED**. CitiMortgage's
11 complaint against Robert and Brandis is **DISMISSED**.

12    IT IS SO ORDERED.

    Dated this 28th day of October, 2015.

                                    _____
                                    Ronald B. Leighton
                                    United States District Judge