HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CITIMORTGAGE, INC, <br><br> Plaintiff, <br><br> v. <br><br> ESTATE OF ROBERT L. GEDDES; SHIRLEY J. GEDDES; ROBERT A. GEDDES and BRANDIS D. GEDDES, husband and wife and the marital community composed thereof, <br><br> Defendants. | CASE NO. C15-5293 RBL <br><br> ORDER GRANTING ROB AND BRANDIS GEDDES'S MOTION TO DISMISS <br><br> DKT. #43 |

THIS MATTER is before the Court on Defendants Rob and Brandis Geddes's Motion to Dismiss Plaintiff CitiMortgage, Inc.'s Second Amended Complaint and for Summary Judgment. [Dkt. #43]. At issue is whether CitiMortgage may seek equitable relief against Rob and Brandis, although they neither borrowed money from CitiMortgage nor offered CitiMortgage a security interest in their fee simple interest in their property. Rob and Brandis seek dismissal of CitiMortgage's four equitable claims under Civil Rule 12(c), arguing they are untimely. CitiMortgage argues the limitations period does not apply in the mortgage context.

## DISCUSSION

In 2006, Rob and his wife, Brandis, gave his parents, Robert and Shirley, a life estate in residential real property; Rob and Brandis retained the reversionary interest. In 2007, Robert and Shirley used the property to secure a loan from Primary Residential Mortgage. All four Geddeses executed a deed of trust on the property, but Rob and Brandis did not sign the promissory note, and there is no claim that they received any of the loan proceeds.

Robert and Shirley alone refinanced with CitiMortgage in January 2011. They used proceeds of the CitiMortgage loan to pay off the Primary Mortgage loan and to obtain a release of the deed of trust securing that loan. They executed a new deed of trust, pledging only their (limited) interest in the property as security for their obligation to repay the CitiMortgage loan. Rob and Brandis did not sign the deed of trust, did not sign the promissory note, and did not receive the proceeds of the new loan. Robert died, and in October 2013, Rob and Brandis informed CitiMortgage that its security interest in Shirley's life estate was junior to their reversionary interest.

In February 2015, CitiMortgage sued Rob and Brandis in state court, seeking a declaratory judgment that its security interest is superior to their interest. (They claim to have a security interest in the fee, rather than just the life estate.) Rob and Brandis removed the case here. The parties filed cross motions for judgment on the pleadings, and this Court dismissed CitiMortgage's complaint without prejudice. [Dkt. #29].

CitiMortgage amended its complaint, asserting four causes of action. [Dkt. #41]. It asks the Court to determine that it is entitled to an equitable lien against the fee simple interest in the property, because Robert and Shirley represented that they owned it in fee simple. It also asks the Court to hold the property under a constructive trust for its benefit, to avoid unjustly enriching

1  Rob and Brandis, who would otherwise receive a windfall—repayment of the Primary Mortgage
2  loan and reconveyance of their 2007 deed of trust without a reciprocal encumbrance. Third, it
3  asks the Court to enforce the 2011 deed of trust against Rob and Brandis, to the extent its
4  proceeds were used to pay off the Primary Mortgage loan (enriching them), under the doctrine of
5  equitable subrogation. Last, CitiMortgage claims that Rob and Brandis would have signed the
6  deed of trust and pledged their reversionary interest but for its and his parents' mutual mistake,
7  and so asks the Court to reform the 2011 deed of trust to include their signatures.

8       Rob and Brandis seek dismissal of these equitable claims. They argue that each is barred
9  by the three-year limitations period for unjust enrichment actions, RCW 4.16.080. They also
10 argue that CitiMortgage's reformation claim is not plausible: it has not claimed that Robert and
11 Shirley intended for Rob and Brandis to sign the 2011 deed of trust (and certainly not that Rob
12 and Brandis intended to sign it), and it has not pled (and cannot plead) that reforming the deed of
13 trust to add Rob and Brandis would not adversely affect them.

14 **A.     Motion to Dismiss Standard.**

15      Courts use the same standard of review for a motion to dismiss brought under Rule 12(c)
16 for judgment on the pleadings as one under Rule 12(b)(6) for failure to state a claim upon which
17 relief can be granted. *See Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 647 F.3d
18 1047 (9th Cir. 2011) (citing *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir.
19 1989)); *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (applying *Iqbal* to a Rule
20 12(c) motion). Dismissal under Rule 12(b)(6), and so too Rule 12(c), may be based on either the
21 lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable
22 legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A
23 plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See*
24

*Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *See Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

**B.  CitiMortgage's Equitable Lien, Constructive Trust, and Equitable Subrogation Claims are Untimely.**

Rob and Brandis argue that a three-year limitations period applies to and bars each of CitiMortgage's equitable claims. CitiMortgage argues that the Court should not apply a limitations period for two reasons: (1) its knowledge of Rob and Brandis's interest in the property is irrelevant in the mortgage context, and (2) because Rob and Brandis might have known about his parents' refinance, they should be estopped from arguing that the limitations period applies.

Actions based on fraud or on an oral contract or liability have a three-year limitations period. *See* RCW 4.16.080; *see also In re Matter of Kelly v. Moesslang*, 170 Wash.App. 722, 735, 287 P.3d 12, 18 (Wash. 2012) ("RCW 4.16.080(3) has been applied to a variety of equitable

claims," such as unjust enrichment and constructive trusts.). The limitations period commences when the cause of action accrues.

A claim based on an allegation of fraud accrues when the aggrieved party discovers, or with reasonable diligence should have discovered, the facts constituting the fraud. *See* RCW 4.16.080(4); *see also Davis v. Rogers*, 128 Wash. 231, 236, 222 P. 499, 501 (1924). A claim for a constructive trust accrues when the beneficiary discovers, or should have discovered, the wrongful act that gave rise to the constructive trust. *See Goodman v. Goodman*, 128 Wash.2d 366, 367, 907 P.2d 290, 294 n.2 (1995). An action based on unjust enrichment accrues once a party has the right to apply to a court for relief. *See Eckert v. Skagit Corp.*, 20 Wash.App. 849, 851, 583 P.2d 1239, 1241 (Wash. 1978); *see also Grange Ins. Ass'n v. Ryder Truck Rental, Inc.*, 132 Wash. App. 1016, 2006 WL 810669, at *4 (2006) (applying the limitations period of the claims the equitable subrogation theory was based on). A reformation action based on mutual mistake accrues once the party seeking reformation learns the agreement will not be carried out as the parties had intended. *See State ex rel. Pierce Cty. v. King Cty.*, 29 Wash.2d 37, 44, 185 P.2d 134, 137 (1947); *see also Browning v. Howerton*, 966 P.2d 367, 370–71 (Wash. 1998).

CitiMortgage's claims for an equitable lien based on an allegation of fraud, constructive trust, and equitable subrogation based on unjust enrichment accrued in January 2011, when with reasonable diligence it could have discovered the 2007 deed of trust—a public document—signed by all four Geddeses and could have sought relief for its allegedly insufficient security.[1]

---

[1] CitiMortgage's reformation claim, however, did not accrue until October 2013, when Rob and Brandis informed CitiMortgage that they (and not the borrowers) owned the reversionary interest in the property, and that it had not secured the loan. This claim is not time-barred, so is addressed further below.

1 | Consequently, because more than three years passed between when these claims accrued and
2 | when CitiMortgage brought suit in February 2015, they are time-barred.

3 | CitiMortgage nevertheless argues that the Court should not apply this limitations period,
4 | because "its knowledge of [Rob] and Brandis's interest in the [p]roperty at the time of the 2011
5 | [l]oan is irrelevant, and thus there is no basis to apply the statute of limitations." *See* Dkt. #46 at
6 | 15. It is not true that limitations periods only apply when knowledge is an element of a claim.
7 | CitiMortgage has not pointed to a case supporting this proposition, and this Court has not found
8 | one. Nor is there authority for the proposition that limitations periods are "irrelevant" in the
9 | mortgage context.

10 | CitiMortgage also argues that the Court should equitably estop Rob and Brandis from
11 | arguing that the limitations period applies, because Brandis faxed CitiMortgage insurance
12 | paperwork at her parents-in-law's behest, and so might have known they were refinancing. To
13 | prevail on this argument, CitiMortgage must show that Rob and Brandis's conduct induced it "to
14 | believe in the existence of the state of facts and to act thereon to [its] prejudice." *See Sorenson v.*
15 | *Pyeatt*, 158 Wash.2d 523, 540, 146 P.3d 1172, 1180 (Wash. 2006). It must have changed its
16 | position in reliance on their representations or conduct. *See id*. (quoting *Elmonte Inv. Co. v.*
17 | *Shafer Bros. Logging Co.*, 192 Wash. 1, 72 P.2d 311 (1937)). Brandis did not represent that
18 | Robert and Shirley owned the property in fee simple, nor did she induce CitiMortgage to change
19 | its position by loaning them money. And while the fact that CitiMortgage had title insurance
20 | does not mean that they were not injured, it does severely undercut the claim that they relied on
21 | Brandis, Rob, or his parents to determine the interest they were taking as security.

1   Because CitiMortgage's defenses fail and its equitable lien, equitable subrogation, and
2 constructive trust claims are untimely, these causes of action are time-barred. Accordingly, these
3 claims against Rob and Brandis are DISMISSED with prejudice.

4 **C.     CitiMortgage's Reformation Claim is Fatally Flawed.**

5   CitiMortgage seeks reformation of the 2011 deed of trust to include Rob's and Brandis's
6 signatures. It argues that both it and Robert and Shirley intended a first priority lien on the fee
7 simple interest, as evidenced by the facts that Robert and Shirley represented they owned the fee
8 simple interest and CitiMortgage would not have entered into the agreement otherwise. Rob and
9 Brandis request dismissal, arguing CitiMortgage's claim is flawed because it did not allege that
10 reformation would not unfairly affect them.

11   An equitable remedy is an extraordinary form of relief. *See Sorenson v. Pyeatt*, 158
12 Wash.2d 523, 531, 146 P.3d 1172, 1176 (Wash. 2006). A court will grant equitable relief only
13 when there is a showing that party is entitled to a remedy, and the remedy at law is inadequate.
14 *See id*. (citing *Orwick v. City of Seattle*, 103 Wash.2d 249, 252, 692 P.2d 793 (1984)). To state a
15 plausible claim for reformation based on mutual mistake, the party seeking reformation must
16 plead that (1) both parties to the instrument had an identical intention as to the contract's terms,
17 (2) the executed writing materially varies from that identical intention, and (3) reformation to
18 express that identical intention will not unfairly affect innocent third parties. *See Leonard v.*
19 *Washington Emp., Inc.*, 77 Wash. 2d 271, 279, 461 P.2d 538, 543 (1969)

20   CitiMortgage's reformation claim is flawed because even if Robert, Shirley, and
21 CitiMortgage each identically intended to encumber the property's fee simple interest, it was not
22 theirs to pledge. *See, e.g., Sorenson v. Pyeatt*, 158 Wash.2d 523, 536, 146 P.3d 1172, 1178
23 (Wash. 2006) (refusing to impose equitable remedy against record title owner where borrower
24

had no power to grant valid security interest in property). CitiMortgage has not pled (and cannot plead) that Rob and Brandis—innocent third-parties—would not be prejudiced if this Court retroactively forces them to pledge their property as security for a loan they never made. For these reasons, CitiMortgage's reformation claim is DISMISSED with prejudice.

**CONCLUSION**

Rob and Brandis's Motion to Dismiss is GRANTED. [Dkt. #43]. CitiMortgage's equitable lien, equitable subrogation, and constructive trust claims against them are untimely and are DISMISSED with prejudice. CitiMortgage's reformation claim against Rob and Brandis is also DISMISSED with prejudice because it has not pled (and cannot plead) that revising the 2011 deed of trust to include their signatures will not unfairly affect them.

IT IS SO ORDERED.

Dated this 17th day of February, 2016.

*Ronald B. Leighton*
Ronald B. Leighton
United States District Judge