HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CitiMortgage Inc, <br><br> Plaintiff, <br><br> v. <br><br> Robert A. and Brandis D. Geddes, <br><br> Defendants. | CASE NO. C15-5293-RBL <br><br> ORDER REGARDING PLAINTIFF'S MOTION FOR INJUNCTION <br><br> DKT. #74 |

THIS MATTER is before the Court on Plaintiff CitiMortgage's Motion for an Injunction Pending Appeal [Dkt. #72]. CitiMortgage asks the Court to enjoin Rob and Brandis from selling their Graham, Washington property until the Ninth Circuit has considered whether CitiMortgage has a lien against it. Both parties agree the Court could alternatively preserve CitiMortgage's potential interest in the property's sale proceeds by conditioning a sale on Rob and Brandis escrowing $299,953 (CitiMortgage's potential lien interest) during the pendency of appeal.

To obtain a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that a balance of equities tips in its favor; and (4) that an injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365 (2008).

CitiMortgage could experience irreparable harm if Rob and Brandis sell their property before the Ninth Circuit considers CitiMortgage's interest in it. Conversely, an injunction prohibiting Rob and Brandis from selling their property would unduly burden them. CitiMortgage's Motion for an Injunction [Dkt. #74] is DENIED, but if Rob and Brandis sell the property before the case is resolved, they must escrow $299,953 of the net sale proceeds.

IT IS SO ORDERED.

Dated this 25th day of April, 2016.

Ronald B. Leighton
United States District Judge